**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

FAZAL AHMAD ELYASI,

Petitioner,

v. No. 1:26-CV-02455-MLG-GBW

MELISSA ORTIZ, in her official capacity as Acting Warden of Torrance County Detention Facility; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director of Enforcement and Removal Operations, El Paso Field Office, United States Immigration and Customs Enforcement; DAVID VENTURELLA, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary of United States Department of Homeland Security; and TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR IMMEDIATE RELEASE**

Petitioner Fazal Ahmad Elyasi ("Elyasi"), an Afghani national, fled Afghanistan and entered the United States in 2024, where he was detained. Doc. 1 ¶¶ 19-20; Doc. 5 Exh. 1 at 1. Elyasi's applications for relief were denied and his removal order became final on January 5, 2026. Doc. 1 ¶ 2; Doc. 5 at 2. Elyasi filed a Petition for a Writ of Habeas Corpus ("Petition"), wherein he seeks immediate release on the grounds that his detention violates the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101-1537, and the Due Process Clause of the Fifth Amendment to the United States Constitution. *See* Doc. 1. Respondents acknowledge the date of finality for Elyasi's removal order and his continued detention, and they "defer to the Court as to

the determination of the significant likelihood of removal in the reasonably foreseeable future." Doc. 5 at 2.

**RELEVANT LEGAL PRINCIPLES**

Once a noncitizen's[1] order of removal becomes administratively final, they may be detained during the following ninety days, which is known as the removal period. *See* 8 U.S.C. § 1231(a)(1)(A), (a)(2)(A). If a noncitizen does not leave or is not removed during this time, Section 1231(a)(3) contemplates that they will be released "pending removal . . . subject to supervision under regulations prescribed by the Attorney General." Section 1231(a)(6) allows for the continued detention of certain noncitizens beyond the ninety-day removal period, but indefinite detention is not permitted. Detention is limited to a "period reasonably necessary to bring about that [noncitizen's] removal from the United States." *See Zadvydas v. Davis*, 533 U.S. 678, 689 (2001).

Under *Zadvydas*, six months of detention is considered "presumptively reasonable." *Id.* at 701. Thereafter, a noncitizen may challenge their custodial status by providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If the noncitizen meets that threshold showing, then the Government must respond with evidence sufficient to rebut that showing." *Id*. The Government's burden increases proportionally to the length of detention. *Id*. The material consideration is whether removal is likely to occur timely. *Id.* If removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699-700. "In that case, . . . the [noncitizen's] release

[1] "This [order] uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the [noncitizen] may no doubt be returned to custody upon a violation of those conditions." *Id.* at 700.

**DISCUSSION**

It is undisputed that Elyasi's removal order became administratively final on January 5, 2026, and he has been in custody well beyond six months. Doc. 1 ¶ 1; Doc. 5 at 2. Therefore, the period of presumptive reasonableness has lapsed.

On December 4, 2025, an Immigration Judge reviewed Elyasi's immigration proceedings and found Elyasi to be inadmissible. Doc. 5 Exh. 3 at 1. The Immigration Judge also denied Elyasi's application for asylum but granted withholding of removal under INA Section 241(b)(3). *Id.* Subsequently, Elyasi successfully established a reasonable fear of removal to Afghanistan on January 9, 2026, and his removal order includes a withholding of removal to Afghanistan. Doc. 1 ¶ 2; Doc. 5 at 2.

Respondents provided a declaration from Deportation Officer Juaquin Quevedo ("Quevedo"), an agent of the U.S. Department of Homeland Security, Immigration and Customs Enforcement, Enforcement and Removal Operations Office ("ERO") in El Paso, Texas. Doc. 5 Exh. 4 at 1. Quevedo explained that ERO has made the following efforts to remove Elyasi: a request to El Salvador on December 4, 2025, which was denied on January 16, 2026; four requests to Canada on December 4, 2025, January 21, 2026, February 6, 2026, and February 26, 2026, which are pending response; and four requests to Peru on December 4, 2025, January 21, 2026, February 6, 2026, and February 26, 2026, which are pending response. Doc. 5 Exh. 4 ¶ 6. Quevedo also provided a statement from the "Department of Homeland Security and State leadership" that asks ERO to "refrain from taking any further action to remove this individual to a third country

until… further guidance." Doc. 5 Exh. 4 ¶ 7. Respondents' past attempts to remove Elyasi have been unsuccessful, and the prospects for future removal remain uncertain. Respondents state only that ERO "will continue to look for a third country removal" and "will be able to remove [Elyasi] in the near future." Doc. 5 Exh. 4 ¶ 10. They concede that "there are no updates currently" and "the timeline to remove [Elyasi] is currently unknown." Doc. 5 Exh. 4 ¶¶ 9-10.

Given the preceding, the Court "cannot conclude that… removal is likely to occur—or even that it might occur—in the reasonably foreseeable future." *Singh v. Whitaker*, 362 F. Supp. 3d 93, 102 (W.D.N.Y. 2019), *abrogated on other grounds by Alvarez Ortiz v. Freden*, 808 F. Supp. 3d 579 (W.D.N.Y. 2025). Not only have Respondents not identified a concrete plan for Elyasi's removal, they also have not attempted to propose a timeline in which the removal might occur. Accordingly, the Court concludes that Elyasi's continued detention is unreasonable because he has demonstrated there "is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

**CONCLUSION**

The Court therefore grants the Petition and orders the following:

(a) Respondents must release Elyasi under appropriate conditions of supervised release within 48 hours of this Order's filing; and

(b) if, for any reason, Elyasi is not released by 5 p.m. on September 20, 2026, Respondents must provide the Court with a status report explaining the reasons for Elyasi's continued detention.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA